UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY MUHAMMAD, | ) | CASE NO. 5:19-cv-471 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| JACOB WILHITE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Jerry Muhammad ("Muhammad") filed this action against Jacob Wilhite ("Wilhite"), managing member of NW Akron Investments, LLC. (Doc. No. 1 ("Compl.") at 2[1]; Doc. No. 1-2.) The allegations in the complaint relate to Wilhite's letter dated March 1, 2019, informing Muhammad that his lease will not be renewed and that the premises must be vacated by March 31, 2019. (Doc. No. 1-2).

Muhammad moved to proceed with this action *in forma pauperis*, and that motion is granted. (Doc. No. 2.)

For the reasons that follow, this action is dismissed.

**I. Background**

The allegations in the complaint are very sparse. It appears that Muhammad is leasing certain property from a company for which Wilhite is the "managing member." Muhammad states that he has lived at the property peacefully for 16 years until Wilhite "took over." (Compl.

---

[1] Page number references are to the page identification number generated by the Court's electronic docketing system.

at 5.) The complaint states that Muhammad and Wilhite had a dispute as to where Muhammad was parking his vehicle, and when Muhammad called to complain that his toilet was blocked, he received a notice from Wilhite that his lease would not be renewed. (*Id.*; Doc. No. 1-1.) Muhammed claims that the nonrenewal of his lease violates the Fair Housing Act, Americans with Disabilities Act, and his civil rights. (Compl. at 4.) He seeks $100,000.00 in damages. (*Id.* at 6.)

## II. Discussion

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). In order to state a plausible claim, a pleading must contain a short and plain statement of the claim showing that the

pleader is entitled to relief. *Iqbal*, 556 U.S. at 677–78. Plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk,* 99 F.3d at 197).

**B. Analysis**

Muhammad alleges Wilhite terminated his lease in violation of "Fair Housing," "Amer. w. Disabilities," and "civil rights." (Compl. at 4.) The Fair Housing Act ("FHA"), 42 U.S.C. § 3604, makes it unlawful to:

> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.
>
> (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

42 U.S.C. § 3604(a) and (b).[2]

The protections of the FHA also apply to disabled persons. *See* 42 U.S.C. § 3604(f); *United States v. Noble Homes, Inc.*, 173 F. Supp. 3d 568, 571 (N.D. Ohio 2016) ("The FHA embodies 'a national commitment to end the unnecessary exclusion of persons with [disabilities] from the American mainstream' by increasing the stock of accessible housing in furtherance of Congress's 'goal of independent living.'") (citations omitted). Muhammad also purports to assert an Americans with Disabilities Act ("ADA") claim, but he does not identify the provision of the

---

[2] Similarly, 42 U.S.C. § 1982 prohibits racial discrimination in the purchase, lease, and sale of real and personal property. 42 U.S.C. § 1982 ("All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.").

ADA under which he brings this action.[3] The allegations in the complaint do not appear to involve employment, government services, or telecommunication services. Muhammad may be attempting to assert an ADA Title III (42 U.S.C. § 12182) public accommodation claim, but there are no allegations in the complaint from which this Court may infer that this matter involves a place of public accommodation, such as a hotel. Title III does not apply to residential housing, which appears to be the basis for this dispute. *See Sutton v. Freedom Square Ltd.*, No. 07-14897, 2008 WL 4601372, at *7 (E.D. Mich. Oct. 15, 2008) ("Federal courts have consistently determined that residential condominiums and apartments are not 'public accommodations.'") (collecting cases), *aff'd sub nom. Sutton v. Piper*, 344 F. App'x 101 (6th Cir. 2009). Disability discrimination in residential housing is prohibited by the FHA. *See Overlook Mut. Homes, Inc. v. Spencer*, 666 F. Supp. 2d 850, 858-59 (S.D. Ohio 2009); 42 U.S.C. § 3604(f).

Muhammad's allegations do not reveal his race, color, religion, national origin, sex, familial, or disability status, and he does not claim that Wilhite terminated his lease because of his disability or any classification protected by the FHA. *See Habtemariam v. Adrian*, 182 F.3d 917 (Table) (6th Cir. 1999) (plaintiff fails to state a discrimination claim under the FHA where she fails to allege, among other things, that she is a member of a statutorily protected class) (citation omitted).

---

[3] Title I of the ADA prohibits disability discrimination in employment, Title II prohibits disability discrimination by state and local governments in providing public services, Title III prohibits places of public accommodation from discriminating against individuals with disabilities, Title IV requires telephone and internet companies to provide telecommunication services that allow individual with hearing or speech disabilities to communicate over the telephone, and Title V contains provisions relating to the ADA as a whole. *See* https://www.ada.gov/.

The allegations in the complaint suggest that Muhammad's lease was terminated after a dispute with Wilhite regarding parking and after he complained about the bathroom plumbing. But nothing in the complaint suggests that Wilhite's position or response to those issues had anything to do with Muhammad's race, color, national origin, sex, familial, or disability status. *Mauldin v. Klink*, No. 13-14224, 2014 WL 1515702, at *4 (E.D. Mich. Apr. 18, 2014) (plaintiff fails to assert a plausible FHA claim where he has not alleged that he was denied the right to keep a dog in his apartment on the basis of his race, color, religion, sex, familial status or national origin) (citing *Habtemariam v. Adrian,* 182 F.3d 917).

Even under the liberal construction afforded *pro se* pleadings, Muhammad fails to allege sufficient facts to state a plausible claim for relief under the FHA, ADA, or § 1982. Accordingly, this action is dismissed pursuant to § 1915(e)(2).

## III. Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2). Muhammad's motion to proceed in forma pauperis is granted. (Doc. No. 2.)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: August 15, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**